SEARCY
*vs.*
SWITZER.

---

APPEAL.

Case 8.

December 14,

## Searcy *vs.* Switzer.

### ERROR TO ANDERSON CIRCUIT.

Chief Justice HISE delivered the opinion of the court.

1. As the law stood at the passage of the act of 1840, (3 *Statute Law*, 378,) justices of the peace had exclusive jurisdiction of causes in law or equity under five pounds, and from their decisions in such cases, where the matter in controversy exceeded twenty-five shillings, an appeal was allowed to the county court.

2. The act of 1840 applies only to a class of cases arising between an execution creditor and one who owes the defendant in the execution, described in the first section of the act of 1838, whereby it is sought to subject the funds in the hands of the third person, to the satisfaction of the execution; in such cases, where the sum involved is over five pounds, the appeal is to the circuit court.

3. A writ of error lies to the court of appeals from a judgment of the county court, refusing to take jurisdiction of an appeal properly taken from a justice's judgment.

The principal question to be settled in this case is, whether an appeal from the judgment or decision of a justice of the peace, in a case in equity, and where the amount in controversy is under five pounds, lies to the county or to the circuit court, or directly to this court in the first instance.

It is contended by the appellee that, in such cases, the appeal lies to the circuit court only, and relies on the act approved January 23, 1840, (3 *Stat. Law,* 378,) as authority to sustain that position. By that act it is provided—"that the first section of an act, entitled, 'an act to regulate equitable proceedings under five pounds before justices of the peace,' be so amended as to increase the jurisdiction of justices of the peace to all sums under fifty dollars and above five pounds, under the same regulations as specified in said act : provided that the party against whom the said order or judgment may be entered up, by the said justice, may have the right to appeal to the next circuit court to be holden for the county, upon his executing bond, with security in the clerk's office, as in other cases of appeal." In order to a correct construction and understanding of the above statute, it is necessary to examine the provisions of the act approved February 9, 1838, (3 *Stat. Law,* 376,) from which it will be perceived, that the "*said order or judgment*" referred to in the proviso of the act of 1840, and from which an appeal is allowed to the circuit court, is an order or judgment, rendered as between the parties to a proceeding, instituted by the plaintiff in an execution, which has been returned "no property found" to make the debt or any part thereof, by summons, against any person or persons who may be indebted to the defendant in such execution. The latter act of 1838 made no provision at all for appeals in the cases under five pounds therein described, because it was wholly unnecessary, as by the seventh section of the act of 1796, (2 *Stat. Law,* 887,) full and plenary jurisdiction of "all causes" of less value than five pounds (whether, as this court opines in law or equity,) was

conferred upon justices of the peace; and because by the eighth section of said act, and by the act of 1800, (2 *Stat. Law*, 889,) appeals to the county courts were allowed in all cases, *legal* or *equitable*, where the judgment rendered was for twenty-five shillings or more, or where the plaintiff failed by the sum of twenty-five shillings to obtain judgment for his demand amounting to more than twenty-five shillings, and where the amount in contest was under five pounds.

1. As the law stood at the passage of the act of 1840, (3 *Statute Law*, 378,) justices of the peace had exclusive jurisdiction of causes in law or equity under five pounds, and from their decisions in such cases, where the matter in controversy exceeded twenty-five shillings, an appeal was allowed to the county court.

As the law stood, manifestly, up to the period of the passage of the act of 1840, first above cited, upon the authority of the acts referred to, it is the opinion of this court that justices of the peace had exclusive jurisdiction to try all causes in law or equity where the amount in controversy was under five pounds, and that from their judgments and decisions, in such cases, an appeal was allowed to either party only to the county courts where such judgment or decision of the justice, against the one or the other party, was of the amount of twenty-five shillings, or over, and under five pounds. Such having been the law, of course it was unnecessary, unless with the design of repealing the existing law, or providing for an appeal in another mode, or to a different court, to make any provision in the act of 1838 for appeals in cases in value under five pounds, which act does not so much purport to extend the equitable jurisdiction of justices as to prescribe a mode for its exercise in certain specified cases. Nor was it, for like reasons, necessary to make any provision for appeals in such cases. In the act of 1839, (3 *Stat. Law*, 377,) which act did not, in fact, enlarge the equitable jurisdiction of justices essentially, merely re-enacted the law as it stood in respect to causes of less value, than five pounds, it requires that this equitable jurisdiction should be exercised with the same restrictions and under the same rules and regulations applicable to the circuit courts in the exercise of their chancery jurisdiction over causes of greater value than five pounds, and prescribes the form and mode of pro-

ceeding in certain cases. It thus being unnecessary, neither of the above recited acts make any provision whatever in relation to appeals in causes, whether legal or equitable, of less value than five pounds. The question then occurs, does the act of 1840 repeal the law as it stood in respect to appeals from judgments of single magistrates, in equitable causes of less value than five pounds? It does not expressly, nor by implication, even if by the provisions of this act an appeal, in such cases, to the circuit courts is allowed, (which is not admitted;) yet, as it does not repeal the existing law upon the subject expressly, and as there is nothing absolutely inconsistent or repugnant in the law authorizing an appeal to the county courts and the said act of 1840 in allowing also (were such the case) an appeal in similar causes to the circuit court, it would not effect a repeal by implication.

But the act of 1840 only allows appeals to the circuit courts in the class of cases therein referred to, and as described by the first section of the act of 1838—to-wit, in cases between an execution creditor and a debtor to the defendant, upon a proceeding under said act to subject such debts to the satisfaction of such execution—from *orders* and *judgments* in such cases, as between such parties, where the amount involved is over five pounds appeals are allowed to the circuit courts. In all other cases, in law or equity, the amount in contest being under five pounds, appeals only to the county courts are allowed.

Wherefore, because the county court in this case dismissed the appeal, and failed and refused to take jurisdiction of the cause, or to affirm or reverse the judgment, and because, as hath been hitherto decided by this court, in such cases an appeal or writ of error to this court will lie, and is not prohibited by the act of 1801, (1 *Stat. Law*, 133,) the judgment of the county court, dismissing the appeal in this case, is reversed, and the cause remanded, that

2. The act of 1840 applies only to a class of cases arising between an execution creditor and one who owes the defendant in the execution described in the first section of the act of 1838, whereby it is sought to subject the funds in the hands of the third person, to the satisfaction of the execution; in such cases, where the sum involved is over five pounds, the appeal is to the circuit court.

3. A writ of error lies to the court of appeals from a judgment of the county court, refusing to take jurisdiction of an appeal properly taken from a justice's judgment.

the said court may entertain jurisdiction thereof upon the appeal, and determine the cause upon its merits.

*Draffin,* for plaintiff.